# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALIVIO MEDICAL CENTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:24-cv-07217** |
| | ) | |
| NATIONAL LABOR RELATIONS | ) | |
| BOARD, a federal administrative agency, | ) | **Hon. Judge Jeffrey I Cummings** |
| JENNIFER ABRUZZO, in her official | ) | **Magistrate Judge Hon. Keri L. Holleb** |
| Capacity as the General Counsel of the | ) | |
| National Labor Relations Board, | ) | |
| LAUREN M. McFERRAN, in her official | ) | |
| capacity as the Chairman of the National | ) | |
| Labor Relations Board, MARVIN E. | ) | |
| KAPLAN, GWYNNE A. WILCOX, and | ) | |
| DAVID M. PROUTY, in their official | ) | |
| capacities as Board Members of the | ) | |
| National Labor Relations Board, and | ) | |
| PAUL A. BOGAS in his official capacity | ) | |
| as an Administrative Law Judge of the | ) | |
| National Labor Relations Board, | ) | |
| | ) | |
| **Defendants.** | ) | |

## INITIAL JOINT STATUS REPORT

I.    **The Nature of the Case:**

    A.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

Plaintiff - Scott Cruz UB Greensfelder, LLP 200 W. Madison Street Suite 3300 Chicago, IL 60606 (312) 658-6608; scruz@ubglaw.com; Grant Pecor Barnes & Thornburg LLP 171 Monroe Avenue N.W. Suite 1000 Grand Rapids, MI 49503; (616) 742-3911; GPecor@btlaw.com;

Defendants - David Paul Boehm 1015 Half Street, S.E., Floor 4 Washington, D.C. 20003; (202) 273-4202; david.boehm@nlrb.gov.

    B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

Plaintiff alleges that the National Labor Relations Board ("NLRB") is subjecting Alivio to an administrative proceeding, NLRB Case Number 13-CA-300158, who structure Alivio

believes violates Article II of the U.S. Constitution in part because the NLRB Administrative Law Judges and NLRB Board members are unconstitutionally insulated from removal by the President of the United States. Defendants disagree.

Plaintiff also is alleging that Section 102.118 of the NLRB's Rules and Regulations is overly broad and not based on any reasonable reading of the National Labor Relations Act. Defendants do not believe that the district court possesses subject-matter jurisdiction to address that issue. To the extent it does, they disagree that any aspect of Section 102.118 is contrary to law or arbitrary and capricious.

C.      Briefly identify the major legal and factual issues in the case.

Are the NLRB ALJs's and Board Members unconstitutionally insulated from removal by the President?

Is Section 102.118 of the NLRB's Rules and Regulations overly broad and not based on any reasonable reading of the National Labor Relations Act?

D.      State the relief sought by any of the parties.

Plaintiff seeks the following: Declaration that:

1a.      Section 102.118 of the NLRB Rules is not based on any reasonable reading

of the NLRA and denies due process to the extent applied in a manner that excludes

otherwise admissible evidence;

1b.      Section 102.118 of the NLRB's Rules is not a proper exercise of the

NLRB's statutory authority;

1c.      To the extent it relies upon Section 102.118 of the NLRB's Rules,

Defendant ALJ Bogas' Order, revoking subpoenas is inconsistent with any

reasonable reading of the NLRA, improperly prejudices Alivio, and is an

unconstitutional denial of due process;

1d.      The statutes, regulatory provisions, guidance, and/or policies restricting the

removal of NLRB ALJs, including 5 U.S.C. § 7521(a), are unconstitutional;

1e.     The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional.

2.      Permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;

3.      Permanently enjoining Defendants from attempting to require any employer, including but not limited to Alivio, to violate the Immigration Reform and Control Act of 1986 by forcing unconditional reinstatement and backpay to individuals who are not legally authorized to work in their prior positions;

4.      Awarding Alivio its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and awarding such other and further relief, whether at law or in equity, as the Court deems just and proper

**II.     Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A.      Identify all federal statutes on which federal question jurisdiction is based.

Plaintiff alleges that subject-matter jurisdiction can be had under 28 U.S.C. § 1331; 28 U.S.C. §§ 2201-2202; 5 U.S.C. §§ 701-706. Defendants deny that subject-matter jurisdiction of certain claims may be had under those statutes (see above).

**III.    Status of Service:** All Defendants have been served.

**IV.    Motions**:

A. Briefly describe any pending motions. – **None.**

B. State whether the defendants anticipate responding to the complaint by filing an answer or by means of a motion. **Defendants answered the Amended Complaint on October 25, 2024.**

**V.     Case Plan**:

A.      Submit a proposal for a discovery plan, including the following information[1]:

1.      The general type of discovery needed;

Plaintiff intends to take depositions and issue written discovery relating to the power and authority of NLRB Administrative Law Judges and Board Members, and each's removal protections.  Plaintiff also intends to take depositions and issue written discovery relating to how the NLRB General Counsel's exercises discretion regarding the decision to deny access to NLRB records sought via subpoena or otherwise.

Defendants intend to take discovery regarding Plaintiff's potential claims of irreparable harm, including financial resources and community reputation;

Defendants intend to take discovery regarding equitable defenses to Plaintiff's claims, including evidence that it knew or should have known that it was employing workers allegedly without proper immigration status, and/or evidence that Plaintiff knew or should have known of certain claims and delayed filing them.

2.      A date for Rule 26(a)(1) disclosures; **December 13, 2024**

3.      First date by which to issue written discovery;  **December 20, 2024**

4.      A proposed fact discovery completion date; **May 7, 2025**

5.      A proposed deadline for amended pleadings; **June 5, 2025**, and

6.      Whether the parties anticipate expert discovery and, if so, a proposed schedule for the completion of expert discovery; **No.**

B.      With respect to trial, indicate the following:

1.      Whether a jury trial is requested; **No.**

2.      The probable length of trial. If summary judgment not granted, 2-3 days.

## VI.    **Consent and Settlement Discussions**:

The parties do not consent to trial by magistrate judge. No settlement discussions are ongoing or expected.

Dated: November 8, 2024        Respectfully Submitted,
Alivio Medical Center

/s/ Scott Cruz
Scott Cruz (IL #6277314)
scruz@ubglaw.com
 UB Greensfelder, LLP
200 W. Madison Street
Suite 3300
Chicago, IL 60606
(312) 345-6608

Grant Pecor (#6310781)
GPecor@btlaw.com
Barnes & Thornburg LLP
171 Monroe Avenue N.W.
Suite 1000
Grand Rapids, MI 49503
(616) 742-3911

**NATIONAL LABOR RELATIONS BOARD**
*Contempt, Compliance, and Special Litigation Branch*

**NANCY E. KESSLER PLATT**
Associate General Counsel

**KEVIN P. FLANAGAN**
Deputy Assistant General Counsel

**PAUL A. THOMAS**
Supervisory Trial Attorney

/s/ David P. Boehm
David P. Boehm
Trial Attorney
D.C. Bar No. 1033755
1015 Half Street, S.E. – 4th Floor
Washington, DC 20570
Tel: (202) 273-4202
Facsmile: (202) 273-4244
David.Boehm@nlrb.gov

JAMES G. O'DUDEN
Attorney-Advisor