IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALIVIO MEDICAL CENTER                                      ) | |
| ) | |
| **Plaintiff,**                                             ) | |
| ) | |
| v.                                                         ) | |
| ) | |
| NATIONAL LABOR RELATION                                    ) | |
| BOARD, a federal administrative agency,                    ) | |
| JENNIFER ABRUZZO, in her official                          ) | Case No: 1:24-CV-07217 |
| Capacity as the General Counsel of the                     ) | |
| National Labor Relations Board,                            ) | |
| LAUREN M. McFERRAN, in her official                        ) | |
| capacity as the Chairman of the National                   ) | |
| Labor Relations Board, MARVIN E.                           ) | |
| KAPLAN, GWYNNE A. WILCOX, and                              ) | |
| DAVID M. PROUTY, in their official                         ) | |
| capacities as Board Members of the                         ) | |
| National Labor Relations Board, and                        ) | |
| PAUL A. BOGAS in his official capacity                     ) | |
| as an Administrative Law Judge of the                      ) | |
| National Labor Relations Board,                            ) | |
| ) | |
| **Defendants.**                                            ) | |

**ALIVIO MEDICAL CENTER'S PARTIALLY OPPOSED MOTION TO
VOLUNTARILY DISMISS *WITHOUT PREJUDICE* COUNTS I-III IN ITS AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)</u>**

1. Pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2), Plaintiff Alivio Medical Center ("Alivio"), seeks to voluntarily dismiss *without prejudice* Counts I-III in its Amended Complaint for Declaratory and Injunctive Relief (the "Amended Complaint"). (Dkt#43).

2. This Motion is made pursuant to Rule 41(a)(2), because on October 25, 2024, Defendants filed their Answer to the Amended Complaint (Dkt#44).

3. Alivio seeks dismissal *without prejudice* of Count I-III because Alivio has asserted the bases set forth in Counts I-III of the Amended Complaint as affirmative defenses in its Answer to

the underlying Unfair Labor Practice Proceeding before the National Labor Relations Board ("NLRB"), Case No. 13-CA-259980, a case that is still on-going (Exhibit A, attached hereto).

4. Additionally, in this Court's Memorandum Opinion and Order (the "Order") dated September 13, 2024, the Court did not address the allegations and arguments set forth in Count III of the Amended Complaint, nor those set forth in Alivio's Memorandum in Support of its Motion for Injunctive Relief (Dkt#25; Dkt#40).

5. Finally, since the Court's Order, on December 10, 2024, a D.C. federal district court in *VHS Acquisition Subsidiary No. 7 v. NLRB*, Case No. 1:24 cv-02577, granted summary judgment in favor of the plaintiff Massachusetts hospital, holding that tenure protections for NLRB Administrative Law Judges are unconstitutional and that ALJs—as executive officers—must be removable at will by the NLRB. This now makes the third federal district court to so hold.

6. Accordingly, Alivio does not want to foreclose the possibility of refiling this lawsuit in the future should the U.S. Supreme Court agree to hear arguments regarding the unconstitutionality of ALJ's and, subsequently render a decision contrary's to this Court's Order relating to the unconstitutionality of NLRB ALJ removable provisions.

7. On December 20, 2024, and pursuant to this Court's Standing Order, the undersigned contacted counsel for Defendants to determine if Defendants opposed this Motion and Alivio's request to voluntary dismissal Counts I-III *without prejudice*.

8. Defendants' counsel stated that Defendants oppose Alivio's request to voluntarily dismiss Counts I and II *without prejudice*, but do not oppose Alivio's request to voluntarily dismiss Count III *without prejudice* and are requesting until January 10, 2025 to file any response in opposition to this Motion as it relates to Alivio's request to voluntarily dismiss Counts I and II *without prejudice*. Alivio does not intend to file a reply pleading should Defendants' counsel choose to file

2

4907-3304-4489, v. 1

a written response in opposition as it relates to Alivio seeking to voluntarily dismiss Counts I and II *without prejudice*.

Date: December 20, 2024

        Respectfully Submitted,
        Alivio Medical Center

        /s/ Scott Cruz
        Scott Cruz (IL #6277314)
        scruz@ubglaw.com
        UB Greensfelder, LLP
        200 W. Madison Street
        Suite 3300
        Chicago, IL 60606
        (312) 345-5008

        Grant Pecor (#6310781)
        GPecor@btlaw.com
        Barnes & Thornburg LLP
        171 Monroe Avenue N.W.
        Suite 1000
        Grand Rapids, MI 49503
        (616) 742-3911

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send notification of such filing to any counsel of record.

/s/ Scott Cruz
Scott Cruz