# EXHIBIT A

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 13

ALIVIO MEDICAL CENTER, INC.

and                                                            Case 13-CA-300158

SERVICE EMPLOYEES INTERNATIONAL
UNION, HEALTHCARE ILLINOIS AND
INDIANA, CTW, CLC

## ALIVIO MEDICAL CENTER, INC.'S
## *AMENDED* ANSWER TO
## COMPLAINT AND NOTICE OF HEARING

I.

(a)     The charge in this proceeding was filed by the Union on July 26, 2022, and a copy was served on Respondent by U.S. mail on July 28, 2022.

**ANSWER:** Respondent, Alivio Medical Center, ("Alivio") admits the allegations in Paragraph I(a) of the Complaint.

(b)     The first amended charge in this proceeding was filed by the Union on August 2, 2022, and a copy was served on Respondent by U.S. mail on August 3, 2022.

**ANSWER:**     Alivio admits the allegations in Paragraph I(b) of the Complaint.

(c)     The second amended charge in this proceeding was filed by the Union on August 8, 2022, and a copy was served on Respondent by U.S. mail on August 9, 2022.

**ANSWER:**     Alivio admits the allegations in Paragraph I(c) of the Complaint.

(d)     The third amended charge in this proceeding was filed by the Union on February 1, 2023, and a copy was served on Respondent by U.S. mail on February 1, 2023.

**ANSWER:**     Alivio admits the allegations in Paragraph I(d) of the Complaint.

(e)     The fourth amended charge in this proceeding was filed by the Union on March 7, 2023, and a copy was served on Respondent by U.S. mail on March 9, 2023.

**ANSWER:**     Alivio admits the allegations in Paragraph I(e) of the Complaint.

1

II.

(a) At all material times, Respondent, has been a corporation with office and place of business in Chicago and Berwyn, Illinois (Respondent's facilities), and has been engaged in providing healthcare services.

**ANSWER:** Alivio admits the allegations in Paragraph II(a) of the Complaint.

(b) In conducting its operations during the calendar year ending December 31, 2022, Respondent derived gross revenues in excess of $250,000.00.

**ANSWER:** Alivio admits the allegations in Paragraph II(b) of the Complaint.

(c) During the period of time described above in paragraph II(b), Respondent purchased and received at its Chicago and Berwyn, Illinois, facilities, products, goods, and materials valued in excess of $5,000 directly from points outside the State of Illinois.

**ANSWER:** Alivio admits the allegations in Paragraph II(c) of the Complaint.

(d) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and has been a health care institution within the meaning of Section 2(14) of the Act.

**ANSWER:** Alivio admits the allegations in Paragraph II(d) of the Complaint.

III.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

**ANSWER:** Alivio admits the allegations in Paragraph III of the Complaint.

IV.

At all material times, Maria Granados held the position of Respondent's Director of Human Resources and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

**ANSWER:** Alivio denies that the allegations in Paragraph IV of the Complaint.

V.

(a) The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

All full time and regular part time non-professional employees in the following classifications: OB Case Manager, CFCM Case Managers, CFCM Out Reach Workers, Clerical Assistants, DOULA Prenatal Evaluators, Prenatal Home Visitors, Program Support Clerks, Financial Evaluators, IDPA (On Site) Enrollment Coordinators, Kid Care, Patient Service Representative, Receptionist, Health Advocates, Postpartum Home Visitors, Home Visitors, Ounce of Prevention Interviewers, Facility Maintenance Aides, Medical Assistants, Patients Referral Coordinators, Medical Records Clerk, Purchasing & Inventory Coordinators, Lead Medical Records Clerk, Lead Receptionist/Patient Services Representative, and Lead Medical Assistant, employed at its facilities located at 2355 South Western Avenue, Chicago Illinois and 966 West 21st Street, Chicago, Illinois.

**ANSWER:** Alivio denies the allegations in Paragraph V(a) of the Complaint.

(b) Since at least 2003, and at all material times, Respondent has recognized the Union as the exclusive collective-bargaining representative of the Unit. This recognition has been embodied in successive collective-bargaining agreements, the most recent of which is effective from July 1, 2022, through June 30, 2025.

**ANSWER:** Alivio admits the allegations in Paragraph V(b) of the Complaint.

(c) At all material times since 2003, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

**ANSWER:** Alivio admits the allegations in Paragraph V(c) of the Complaint.

VI.

(a) About June 2, 2022, Respondent conditioned the employment of employees requiring they resolve a social security number "no-match" discrepancy within a specific time period, by July 25, 2022.

**ANSWER:** Alivio denies the allegations in Paragraph VI (a) of the Complaint.

(b) Since about June 8, 2022, the Union requested that Respondent bargain collectively about a general policy concerning work authorization and re-verification, specifically, the handling of "no-match" letters, and its effects.

**ANSWER:** Alivio denies the allegations in Paragraph VI(b) of the Complaint.

(c) Since about June 24, 2022, the Union requested that Respondent bargain collectively about the effects of Respondent's decision to condition the employment of the employees requiring they resolve a social security number "no-match" discrepancy within a specific time period, by July 25, 2022.

**ANSWER:** Alivio denies the allegations in Paragraph VI(c) of the Complaint.

(d) Since about June 24, 2022, Respondent has failed and refused to bargain

collectively about the subject set forth above in paragraphs VI(b) and VI(c).

**ANSWER:** Alivio denies the allegations in Paragraph VI(d) of the Complaint.

(e) The subjects set forth above in paragraphs VI(a)-(c) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

**ANSWER:** Alivio neither affirms nor denies the allegations in Paragraph VI(e) of the Complaint because Paragraph VI(e) calls for a legal conclusion to which no response is necessary and/or required. Alternatively, to the extent, however, a response is required, Alivio denies the allegations in Paragraph VI(e) of the Complaint.

(f) Respondent engaged in the conduct described above in paragraph VI(a) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to Respondent's decision and effects of its decision to engage in this conduct.

**ANSWER:** Alivio denies the allegations in Paragraph VI(f) of the Complaint.

(g) As a result of the Respondent's conduct described above in paragraph VI(a), on July 29, July 30, and August 1, 2022, Respondent terminated four employees:

|   | **FIRST NAME** | **LAST NAME** |
|---|---|---|
| 1 | Juan | Gonzalez |
| 2 | Josefina | Montoya |
| 3 | Yolanda | Sanchez |
| 4 | Arcadio | Sotelo |

**ANSWER:** Alivio denies the allegations in Paragraph VI(g) of the Complaint.

VII.

(a) About July 7, 2022, the Union requested in writing that Respondent furnish the Union with the following information: the ADP letter.

**ANSWER:** Alivio admits the allegations in Paragraph VII(a) of the Complaint.

  (b)  The information requested by the Union, as described in paragraph VII(a) is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the Unit.

**ANSWER:** Alivio denies the allegations in Paragraph VII(b) of the Complaint.

  (c)  Since about July 7, 2022, Respondent, has failed and refused to furnish the Union with the information requested by it as described above in paragraph VI(a).

**ANSWER:** Alivio denies the allegations in Paragraph VII(c) of the Complaint.

### VIII.

  (a)  By the conduct described above in paragraph VI and VII, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

**ANSWER:** Alivio neither affirms nor denies the allegations in Paragraph VIII(a) of the Complaint because Paragraph VIII(a) calls for a legal conclusion to which no response is necessary and/or required. Alternatively, to the extent, however, a response is required, Alivio denies the allegations in Paragraph VIII(a) of the Complaint.

  (b)  The unfair labor practices of Respondent described above effect commerce within the meaning of Section 2(6) and (7) of the Act.

**ANSWER:** Alivio neither affirms nor denies the allegations in Paragraph VIII(b) of the Complaint because Paragraph VIII(b) calls for a legal conclusion to which no response is necessary and/or required. Alternatively, to the extent, however, a response is required, Alivio denies the allegations in Paragraph VIII(b) of the Complaint.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of the claims alleged in the Complaint, Alivio asserts the following

Affirmative Defenses:

1. The Complaint and each purported claim for relief stated therein fail to allege facts sufficient to state a claim upon which relief may be granted;

2. Alivio has not violated Section 8(a)(1) and (5) of the Act as it has not failed or refused to bargaining collectively and in good faith with the Charging Party and, in fact, engaged in extensive bargaining and effects bargaining with the Charging Party in prior to taking the actions in dispute;

3. **Alivio was compelled by Federal Law to terminate the individuals described in Paragraph VI(f) and, therefore, had no obligation to bargain over issues related to their termination because its lack of discretion made bargaining futile;**

4. **Based upon Alivio's good faith belief, the individuals described in Paragraph VI(f) were not authorized to work in the United States;**

5. **The individuals described in Paragraph VI(f) were terminated for cause;**

5. The Charging Party failed to act with reasonable "due diligence";

5. The Charging Party itself has failed to satisfy its bargaining obligations under the Act sufficiently to excuse the disputed conduct of Alivio;

6. The Charging Party waived its rights in this matter due to its own inaction and failure to satisfy its own bargaining obligations under the Act;

7. The Charging Party failed to request timely bargaining despite notice of changes in the potential terms and conditions of employment for members of the bargaining unit;

8. The Charging Party conditioned negotiations on permissive subjects of bargaining;

9. Alivio provided notice and an opportunity to bargain to the Charging Party over potential changes in the terms and conditions of employment contained in its prior collective

6

bargaining agreements with the Charging Party;

9. Alivio's actions were justified by economic exigencies;

10. Alivio's actions were justified by its good faith belief that an agreement was reached with the Charging Party as a result of its later "effects bargaining" with the Charging Party;

11. The Charging Party waived any right to bargain over Alivio's actions;

12. The action's currently in dispute are already "covered by" a collective bargaining agreement between the parties and within the sole purview of the grievance and arbitration procedures contained therein;

13. The Charging Party's exclusive remedy was limited to the parties' grievance and arbitration procedures and it failed to exhaust those procedures;

14. Alivio was privileged to act due to a good faith impasse in the parties negotiations;

15. The Charging Party was provided reasonable access to the information requested and specifically allowed the opportunity to inspect the ADP letter described in Paragraph VII(a);

16. The Charging Party failed to negotiate following Alivio's request to bargain over the manner in which it would be provided a copy of the ADP letter described in Paragraph VII(a);

17. The termination of employment of the individuals listed in paragraph VI(g) was required by law and would have occurred regardless of any bargaining or effects bargaining;

18. The remedies requested are in excess of those required by current Board precedent, over broad, impermissibly punitive, inapplicable to the alleged violations and not calculated to effectuate the purposes of the Act;

19. The remedies requested are improper because Alivio has not violated Section 8(a)(1) of

7
4891-9989-2312, v. 1

the Act;

20. The remedies requested are improper because Alivio has not violated Section 8(a)(5) of the Act;

21. The remedies requested exceed those allowed under Section 10(c) of the Act in that they seek the reinstatement of individual(s) discharged for cause;

22. Some or all of the allegations contained in the Complaint are barred by Section 10(b) of the Act;

23. The instant unfair labor practice charge fails to present a genuine issue of material fact;

24. The unfair labor practice charge fails to state any legitimate claim for relief as a matter of law;

25. There are no genuine issues of material facts warranting a hearing;

26. The General Counsel is not substantially justified in pursuing litigation against Alivio;

27. **The NLRB precedent and rules relied upon by the General Counsel are not based on reasonable interpretations of the National Labor Relations Act and, therefore, violate the Administrative Procedures Act;**

28. **Fundamental aspects of the NLRB's structure violate the Constitution in that its ALJ's are unconstitutionally insulated from removal and its Board Members are unconstitutionally insulated from removal;**

29. **Given the current structure of the Board, potential remedies, and Executive discretion related to the appointment of the General Counsel, any administrative proceeding related to this matter violates Alivio's constitutional right to trial by jury;**

28. Alivio reserves the right to amend its Affirmative Defenses as they become known during the course of these proceedings.

WHEREFORE, Alivio respectfully requests that this Complaint be dismissed in each and every respect and it be awarded its actual attorney fees and costs under the Equal Access to Justice Act, NLRB Rules and Regulations Section 102.145, and the Board's inherent remedial authority.

Respectfully submitted,

**ATTORNEYS FOR ALIVIO MEDICAL CENTER, INC.**

Dated: August 14, 2024

*/s/ Scott Cruz*
Scott Cruz
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 3300
Chicago, IL 60606
scruz@greensfelder.com

*/s/ Grant Pecor*
Grant T. Pecor
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606-2833
GPecor@btlaw.com