UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALIVIO MEDICAL CENTER,** **Plaintiff,** v. **JENNIFER ABRUZZO,** in her official Capacity as the General Counsel of the National Labor Relations Board, **NATIONAL LABOR RELATIONS BOARD**, a federal administrative agency, **GWYNNE A. WILCOX,** in her official capacity as the Chair of the National Labor Relations Board, **MARVIN E. KAPLAN**, **, and DAVID M. PROUTY**, in their official capacities as Board Members of the National Labor Relations Board, and **PAUL A. BOGAS** in his official capacity as an Administrative Law Judge of the National Labor Relations Board,[1] **Defendants.** | Case No. 1:24-cv-07217 Judge Jeffrey I. Cummings Magistrate Judge Keri L. Holleb |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

---

[1] On December 16, 2024, Lauren M. McFerran's term expired. On December 17, President Biden designated Gwynne A. Wilcox to be Chair of the National Labor Relations Board. See News Release, President Biden Designates Gwynne A. Wilcox as Chair of the National Labor Relations Board, https://www.nlrb.gov/news-outreach/news-story/president-biden-designates-gwynne-a-wilcox-as-chair-of-the-national-labor (Dec. 17, 2024). Pursuant to Fed. R. Civ. P. 25(d), substitution of those parties in their official capacities is automatic.

Defendants National Labor Relations Board, *et al.,* (collectively, "NLRB") respond to the motion of Plaintiff Alivio Medical Center ("Alivio") to dismiss this action without prejudice [ECF 48], after an answer has been filed [ECF 44].

When it filed this lawsuit [ECF 1, p.4], Alivio invoked the subject-matter jurisdiction of the United States District Courts. *See Axon Enter. v. FTC*, 598 U.S. 175, 196 (2023) (allowing collateral attacks on agency proceedings challenging the agency's structure or existence). By doing so, it elected its forum for deciding the facial constitutional challenges put forward in Counts I and II of its complaint. It later moved to amend that complaint [ECF 37], which this Court granted [ECF 43]. The NLRB duly answered the amended complaint. [ECF 44.].

Having done so, Alivio now seeks, not to withdraw its constitutional challenges to the NLRB, but, at least for the moment, to solely maintain those challenges before the Board, subject to direct review by a federal circuit court. [ECF 48, Exhibit A.][2] But Alivio openly admits that it "does not want to foreclose the possibility of refiling this lawsuit in the future." [ECF 48, p.2.] One can read between the lines that Alivio is displeased with this Court as a forum, as it notes that one judge in the D.C. District Court has decided in favor (to some degree) of Alivio's position here and contrary to this Court's own decision on Alivio's request for preliminary injunctive relief [ECF 40].

Alivio's motion to dismiss its complaint without prejudice—a transparent effort to abandon what it now views to be an unfavorable forum and shop its arguments to more congenial climes—should be denied except as to Count III, for which this Court possesses no subject-matter jurisdiction (thus, dismissal without prejudice should be granted as to Count III).[3] A motion to

---

[2] Alivio's motion is unclear as to whether a motion to amend its administrative pleading, a copy of which amendment is attached as Exhibit A, has actually been granted by Judge Bogas, or whether Exhibit A is simply a proposed amendment.

[3] Although the NLRB would agree to dismissal of Counts I and II of the complaint with prejudice, Alivio's motion makes clear that it will oppose any such relief.

voluntarily dismiss a case, following the filing of an answer, is subject to the discretion of the district court. *Jones v. Simek*, 193 F.3d 485, 491 (7th Cir. 1999) (citing *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir.1994)). The party seeking dismissal bears the burden of showing that dismissal is appropriate, and dismissal is *not* appropriate where it would prejudice other parties that have invested considerable resources into the litigation. *Wells Fargo Bank, N.A. v. Worldwide Shrimp Co.*, No. 17 C 4723, 2017 WL 7689635, at *8 (N.D. Ill. Dec. 29, 2017).

Simply put, "[a] plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017). The NLRB has spent dozens of hours of attorney time drafting responses to Alivio's motion for preliminary injunction, and in drafting its own motion for judgment on the pleadings in this matter (a motion that will be filed imminently if the instant motion is denied). That motion may well finally resolve, with preclusive effect, the matters presented in Counts I and II of Alivio's Amended Complaint. With respect to Count III of the amended complaint, as the NLRB will argue in its motion, this Court should enter a judgment preclusively finding that that claim is subject to the exclusive jurisdiction of a United States Court of Appeals—not a district court—and only after exhausting agency procedures before the NLRB. This is because that claim—now framed as a regulatory challenge—is "inextricably intertwined" with the merits of a pending agency proceeding. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 610-11, 614 (1984). Alivio's desire to escape the fall of the gavel on its meritless constitutional claims and jurisdictionally barred regulatory challenge, without more, does not justify dismissal of this action.

Alternatively, it would be appropriate to condition any voluntary dismissal without prejudice of Alivio's claims in this action on payment of the NLRB's attorney fees, to compensate the federal fisc for the waste of resources occasioned by Alivio's last-moment change of forums. *See, e.g.*,

*Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) ("Under [Federal] Rule [of Civil Procedure] 41(a)(2), attorneys' fees may be awarded as a "term or condition" of voluntary dismissal.").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 10, 2025 | NATIONAL LABOR RELATIONS BOARD<br>*Contempt, Compliance, and Special Litigation Branch*<br><br>KEVIN P. FLANAGAN<br>Deputy Assistant General Counsel<br><br>PAUL A. THOMAS<br>Supervisory Trial Attorney<br><br>/s/ David P. Boehm<br>David P. Boehm<br>Trial Attorney<br>D.C. Bar No. 1033755<br>1015 Half Street, S.E. - 4th Floor<br>Washington, DC 20570<br>Tel: (202) 273-4202<br>Facsimile: (202) 273-4244<br>David.boehm@nlrb.gov |

4