IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALIVIO MEDICAL CENTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 24-cv-7217 |
| **JENNIFER ABRUZZO,** in her official ) | |
| capacity as the General Counsel of the ) | Judge Jeffrey I. Cummings |
| National Labor Relations Board, ) | |
| **NATIONAL LABOR RELATIONS** ) | |
| **BOARD,** a federal administrative ) | |
| agency, **LAUREN M. McFERRAN,** ) | |
| in her official capacity as the Chairman ) | |
| of the National Labor Relations Board, ) | |
| **MARVIN E. KAPLAN, GWYNNE** ) | |
| **A. WILCOX,** and **DAVID M.** ) | |
| **PROUTY,** in their official capacities ) | |
| as Board Members of the National ) | |
| Labor Relations Board, and **PAUL A.** ) | |
| **BOGAS** in his official capacity as an ) | |
| Administrative Law Judge of the ) | |
| National Labor Relations Board, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is plaintiff's partially opposed motion to voluntarily dismiss Counts I-III in its amended complaint without prejudice [48]. Defendants have filed a response [51], objecting to dismissal of this action without prejudice in light of defendants' fees and costs incurred to date and because – in defendants view – plaintiff improperly seeks to dismiss this action simply to seek a more favorable forum. Plaintiff's motion is entered and continued. The Court, within its discretion, will dismiss this matter without prejudice, conditioned upon the payment of defendants' fees and costs outlined below should plaintiff accept that condition. Alternatively, if plaintiff declines to accept this condition, plaintiff may withdraw its motion to voluntarily dismiss and the litigation of this case will proceed.

### STATEMENT

Plaintiff Alivio Medical Center ("Alivio") is a respondent in an unfair labor practice pending before the National Labor Relations Board ("NLRB") that was scheduled to proceed to

an administrative hearing before an administrative law judge ("ALJ") on September 25, 2024. On August 14, 2024, Alivio filed its three-count complaint, (Dckt. #1), in this lawsuit against the NLRB, its General Counsel, Chairman, Board Members, and ALJ Paul A. Bogas, (collectively, "defendants"). Alivio alleged in Counts I and II that the structure of the NLRB is unconstitutional because the removal procedures for the NLRB ALJs and NLRB Members violate Article II of the Constitution of the United States. Alivio further alleged in Count III that "the ALJ's order revoking subpoenas violates due process and relies upon an overly broad interpretation of a rule not based upon any reasonable reading of the NLRA [National Labor Relations Act]." (*Id.* at 14). Following questions regarding the Court's jurisdiction over Count III, Alivio has since filed an amended complaint, (Dckt. #43), solely to clarify that it does not intend to seek to appeal and/or a review of the ALJ's decision to revoke a subpoena in the underlying administrative proceeding.

On August 22, 2024, Alivio filed an opposed motion for a temporary restraining order and expedited preliminary injunction, (Dckt. #25), seeking to enjoin the NLRB from proceeding with the September 25 administrative hearing based on its claim (asserted in Counts I and II) that the hearing would constitute an unconstitutional proceeding because the NLRB's ALJs and Members are unconstitutionally insulated from removal.[1] The parties briefed the motion and the Court held a hearing on September 8, 2024, at which counsel for the parties appeared and offered extensive argument. On September 13, 2024, the Court issued its Memorandum Opinion and Order denying Alivio's motion for a TRO and preliminary injunction. (Dckt. #40). As such, the administrative hearing presumably proceeded on September 25, as scheduled, though the case remains open at the administrative level.

Thereafter, defendants filed their answer to the amended complaint, (Dckt. #43), and the Court set a discovery schedule. However, on December 20, 2024, Alivio filed a motion to voluntarily dismiss Counts I-III without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In it, Alivio argues that dismissal *without* prejudice is appropriate because: (1) Alivio has asserted the bases set forth in Counts I-III as affirmative defenses in its answer in the underlying administrative proceeding, which remains ongoing; (2) the Court did not address the issues raised in Count III in its Opinion denying injunctive relief; and (3) since the Court issued its Opinion, a D.C. federal district court became the third court to hold that tenure protections for NLRB ALJs are unconstitutional. For these reasons, Alivio seeks dismissal without prejudice because it "does not want to foreclose the possibility of refiling this lawsuit in the future should the U.S. Supreme Court agree to hear arguments regarding the unconstitutionality of ALJ's" and subsequently render a decision contrary to this Court's Opinion. (Dckt. #48 at 2).

For their part, defendants object to dismissal of Counts I and II *without* prejudice, arguing that Alivio's request is an improper and "transparent effort to abandon what it now views to be an unfavorable forum and shop its arguments to more congenial climes." (Dckt. #51 at 2). Defendants note that they have incurred dozens of hours of attorney time defending against Alivio's motion for injunctive relief and in drafting a motion for judgment on the pleadings, which will be "imminently" filed if the Court does not dismiss this matter. Alternatively,

---

[1] Alivio initially sought a temporary restraining order and expedited preliminary injunction in connection with the due process claim it asserted in Count III, but it withdrew its request after the jurisdictional questions arose.

2

defendants ask that if the Court is inclined to dismiss this matter without prejudice, it should premise such a dismissal upon Alivio's payment of the attorneys' fees and costs incurred by defendants. The Court agrees in part.

Where, as here, defendants have answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is within the sound discretion of the district court," *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994), and the court abuses that discretion only when a defendant will suffer "legal prejudice as a result of dismissal." *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986).

A voluntary dismissal without prejudice under Rule 41(a)(2), as plaintiff seeks here, is "usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point." *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998). "This offsets 'the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice.'" *Madison St. Properties, LLC v. Marcus Corp.*, No. 3:20-CV-50471, 2022 WL 16553182, at *2 (N.D.Ill. Oct. 31, 2022), *quoting Babcock*, 148 F.3d at 799; *see also Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused."). Indeed, payment of attorneys' fees and costs is the "quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).

Here, at the outset, the Court notes that defendants are indeed correct that a "plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum." (Dckt. #51 at 3 (citing *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017)); *see also Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2020 WL 6559155, at *6 (N.D. Ill. Nov. 9, 2020) (noting that the "desire to avoid an unfavorable ruling or a particular judge does not justify dismissing a case without prejudice."). Thus, if – as defendants argue – such a desire is implicit in Alivio's request, that request is, improper. Nonetheless, the Court will accept Alivio's representation that it does not want to foreclose the possibility of refiling this lawsuit in the future (presumably in the same forum) should the Supreme Court take up the issue, and will, within its discretion, grant Alivio's request to dismiss without prejudice.

This dismissal without prejudice, however, will be conditioned upon Alivio's payment of defendants' attorneys' fees and costs incurred in preparing their response to Alivio's motion for a temporary restraining order and preliminary injunction, and preparing for and appearing at the in-person Court hearing on that motion. The award of these fees and costs will "offset[] the potential prejudice [defendants] may suffer from allowing [plaintiff] to dismiss this case without prejudice, and also mitigates any risk [defendants] face[] from the suit being refiled." *Madison St. Properties,* 2022 WL 16553182, at *3. Alivio need not pay for the fees and costs incurred by defendants in answering the amended complaint, conducting any discovery to date, or preparing the motion for judgment on the pleadings, as that work product could be useful should plaintiff ultimately re-file this case. *See 2010-1 SFG Venture LLC v. EP Milwaukee, LLC*, No. 10-C-

1079, 2011 WL 4431745, at *3 (E.D.Wis. Sept. 22, 2011) ("[T]he fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim."); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 685–87 (7th Cir. 1998) (affirming that a dismissal "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice.")

      As it must, the Court will afford Alivio the opportunity to accept the Court's condition of voluntary dismissal without prejudice. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994) ("It only makes sense that a plaintiff seeking a 'voluntary' dismissal is not required to accept whatever conditions the court may impose as a prerequisite for dismissal."). The parties are thus directed to meet and confer regarding the estimated amount of fees and costs incurred by defendants in briefing and arguing against the motion for injunctive relief. If, after doing so, Alivio accepts this Court's condition, the parties are strongly encouraged to confer and resolve among themselves the issue of the total amount of attorneys' fees and costs due under that condition. If the parties are unable to do so, they shall follow the procedures prescribed in Local Rule 54.3. Alternatively, Alivio may exercise its right to withdraw its motion for voluntarily dismissal. Either way, the parties shall file a joint status report regarding these issues on or before February 12, 2025.

**DATE: January 28, 2025**

                                                                 **Jeffrey I. Cummings**
                                                                 **United States District Court Judge**